(96 Misc. Rep. 468)

### GRANADA v. D'ALLESANDRO et al.

(Supreme Court, Special Term, Monroe County. August 1, 1916.)

*(Syllabus by the Court.)*

BOUNDARIES ⬉48(6)—DETERMINATION—PRESCRIPTION.

    A boundary fence between two city lots, two feet from the line of the lot as it appears upon the map according to which the lots were conveyed, will be treated as the true boundary line, where it has been in existence for 40 years, and has been recognized as the boundary line during that time.

    [Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 240; Dec. Dig. ⬉48(6).]

Action by Rosario Verga Granada against Vicenzo D'Allesandro and others to quiet title. Decree for plaintiff.

Marsh N. Taylor, of Rochester, for plaintiff.
J. Russell Borzilleri, of Rochester, for defendants.

RODENBECK, J. The plaintiff and defendants D'Allesandro are owners of adjoining lots on Cliff street in the city of Rochester. A dispute having arisen with reference to the boundary line, they have appealed to the court to quiet their title. The defendants the Monro County Savings Bank and Hannah M. Moran have mortgages covering the disputed strip of land.

There had existed for many years a fence separating their property, and just before the commencement of this action the defendants D'Allesandro tore down the fence and moved it about two feet to the east of its old location. The property was conveyed by reference to a map and by lot number. According to this map the west boundary of plaintiff's property is about two feet east of the location of the fence in question.

The plaintiff claims to own the strip of land intervening between his west line as shown on the map and the former location of the fence, while the defendants D'Allesandro claim to own to the east line of their premises as shown on the map according to which it was conveyed. Similar situations exist east of the plaintiff's property. All of the lots on the north side of Cliff street were and are marked

by boundary fences, which are not on the lot lines as shown on the map according to which the premises were conveyed. This condition has existed so long, however, that the rules of law require that the boundary fence should be regarded as the true boundary between the property of the parties to the suit.

Unless this rule is followed, similar disputes will arise between owners of property east of that of the plaintiff, upon some of which are permanent structures west of the west line of their premises as shown upon the map mentioned in their conveyances. Where premises have been bounded by a fence for upwards of 20 years, as in this case, the law presumes that the fence is the true boundary, and will not disturb this line, even where it does not correspond with the line of the premises as shown upon the map according to which they were conveyed.

The evidence shows an uninterrupted existence of the boundary fence to which both owners of the premises claimed until just prior to this suit, for upwards of 40 years, and it is more reasonable that the rule applicable to established boundaries shall be followed than that the possession of the parties and others on this street should be disturbed by following the lines shown on the maps as the boundaries of their property. Baldwin v. Brown, 16 N. Y. 359; Reed v. Farr, 35 N. Y. 113; Avery v. Empire Woolen Co., 82 N. Y. 582; Sherman v. Kane, 86 N. Y. 57; Katz v. Kaiser, 154 N. Y. 294, 48 N. E. 532; Bell v. Hayes, 60 App. Div. 387, 69 N. Y. Supp. 898; Smith v. Stacey, 68 App. Div. 521, 73 N. Y. Supp. 1022; Wentworth v. Braun, 78 App. Div. 634, 79 N. Y. Supp. 489; Lane v. Jacobs, 166 App. Div. 182, 152 N. Y. Supp. 605; French v. Wray, 154 App. Div. 343, 139 N. Y. Supp. 339. There has also been a continued, undisputed, and undisturbed occupation and possession of the land in question by the plaintiff and her predecessors in title under claim of a written instrument for upwards of 20 years, and plaintiff is entitled to the property by adverse possession. Gerard, Titles to Real Estate, p. 739; Code of Civil Procedure, §§ 369, 370, and cases cited.

The plaintiff is entitled to a decree fixing the lines of the old fence and the east line of the building with which it was connected as the true boundary line between the premises of the parties.